# Exhibit 1

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | |
|---|---|
| BRIAN HOCHBERGER and<br>KERRI HOCHBERGER, | CIVIL DIVISION |
| *Plaintiffs*, | **ELECTRONICALLY FILED** |
| vs. | Case No. GD-20-009069 |
| MIDLAND FUNDING, LLC, | |
| *Defendant*. | **COMPLAINT IN CIVIL ACTION** |

Filed on Behalf of Plaintiffs:
Brian Hochberger and Kerri Hochberger

Counsel of Record for this Party:

**THE LAW FIRM OF FENTERS WARD**

Joshua P. Ward
Pa. I.D. No. 320347

The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

Telephone: (412) 545-3015
Fax No.: (412) 540-3399
E-mail: JWard@FentersWard.com

**NOTICE TO DEFEND**

**YOU HAVE BEEN SUED IN COURT.** If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the plaintiffs. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. If you do not have a lawyer, go to or telephone the office set forth below. This office can provide you with information about hiring a lawyer. IF YOU CANNOT AFFORD TO HIRE A LAWYER, this office may be able to provide you with information about agencies that may offer legal service to eligible persons at a reduced fee or no fee:

LAWYER REFERRAL SERVICE
11TH FLOOR KOPPERS BUILDING,
436 SEVENTH AVENUE
PITTSBURGH, PENNSYLVANIA 15219
TELEPHONE: (412) 261-5555

**HEARING NOTICE YOU HAVE BEEN SUED IN COURT.** The above Notice to Defend explains what you must do to dispute the claims made against you. If you file the written response referred to in the Notice to Defend, a hearing before a board of arbitrators will take place in the Compulsory Arbitration Center. Report to the Arbitration Assembly Room, Courtroom Two, Seventh Floor City-County Building, 414 Grant Street, Pittsburgh, Pennsylvania 15219, on ______________________________, 2020, at 9:00 A.M.

IF YOU FAIL TO FILE THE RESPONSE DESCRIBED IN THE NOTICE TO DEFEND, A JUDGMENT FOR THE AMOUNT CLAIMED IN THE COMPLAINT MAY BE ENTERED AGAINST YOU BEFORE THE HEARING. DUTY TO APPEAR AT ARBITRATION HEARING IF ONE OR MORE OF THE PARTIES IS NOT PRESENT AT THE HEARING, THE MATTER MAY BE HEARD AT THE SAME TIME AND DATE BEFORE A JUDGE OF THE COURT WITHOUT THE ABSENT PARTY OR PARTIES. THERE IS NO RIGHT TO A TRIAL DE NOVO ON APPEAL FROM A DECISION ENTERED BY A JUDGE.

NOTICE: You must respond to this complaint within twenty (20) days or a judgment for the amount claimed may be entered against you before the hearing. If one or more of the parties is not present at the hearing, the matter may be heard immediately before a judge without the absent party or parties. There is no right to a trial de novo on appeal from a decision entered by a judge.

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

BRIAN HOCHBERGER and KERRI HOCHBERGER,

*Plaintiffs*,

vs.

MIDLAND FUNDING, LLC,

*Defendant*.

CIVIL DIVISION

**ELECTRONICALLY FILED**

Case No. GD-20-009069

**COMPLAINT**

AND NOW, comes Plaintiffs, Brian Hochberger and Kerri Hochberger, by and through the undersigned counsel, The Law Firm of Fenters Ward and, specifically, Joshua P. Ward, Esquire, who files the within Complaint in Civil Action against Defendant, Midland Funding, LLC, of which the following is a statement:

**PARTIES**

1. Plaintiffs, Brian Hochberger and Kerri Hochberger (hereinafter "Brian Hochberger and Kerri Hochberger"), are adult individuals who currently reside at 11018 Azalea Drive, Pittsburgh, PA 15235.

2. Defendant, Midland Funding, LLC, (hereinafter "Midland Funding"), is a corporation with its principal place of business located at 350 Camino De La Reina, San Diego, California 92108.

**JURISDICTION AND VENUE**

3. Jurisdiction is proper as Plaintiffs bring this lawsuit under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter, the "FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (hereinafter, the "TCPA").

4. Venue is proper pursuant to Pa.R.C.P. 2179(a)(2) because Defendant regularly conducts business in Allegheny County, Pennsylvania, and because Defendant is subject to general jurisdiction of Allegheny County, Pennsylvania.

## PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS

5. On August 9, 2019, Midland Funding filed a Civil Complaint against Brian Hochberger in Magisterial District Court at Docket Number: MJ-05206-CV-0000528-2019. A true and correct copy of the Docket is attached hereto, made a part hereof, and marked as Exhibit "A

6. On August 12, 2019, Midland Funding filed a Civil Complaint against Kerri Hochberger in Magisterial District Court at Docket Number: MJ-05206-CV-0000537-2019. A true and correct copy of the Docket is attached hereto, made a part hereof, and marked as Exhibit "A".

7. In response to the aforesaid lawsuit, Brian Hochberger and Kerri Hochberger engaged The Law Firm of Fenters Ward for representation.

8. On August 28, 2019, The Law Firm of Fenters Ward served Midland Funding with a letter (hereinafter, the "First Dispute Letter") wherein Midland Funding was informed of the disputed nature of the alleged debt and that Brian Hochberger was represented by counsel. A true and correct copy of the First Dispute Letter is attached hereto, made a part hereof, and marked as Exhibit "B".

9. On August 28, 2019, The Law Firm of Fenters Ward served Midland Funding with a letter (hereinafter, the "Second Dispute Letter") wherein Midland Funding was informed of the disputed nature of the alleged debt and that Kerri Hochberger was represented by counsel. A true and correct copy of the First Dispute Letter is attached hereto, made a part hereof, and marked as Exhibit "B".

10. This First and Second Dispute Letters stated that Brian Hochberger and Kerri Hochberger "denie[d] owing Midland Funding, LLC any amount of money" and informed Midland Funding that Brian Hochberger and Kerri Hochberger disputed any and all "Debts" Midland Funding claimed to possess. See Exhibit "B".

11. "Debts" as defined within the First and Second Dispute Letters delineated and included "any related debt(s) and/or credit account(s) your company [Midland Funding] claims to have, sold, purchased and/or assigned from yourself, another creditor, debt buyer or other entity as of the date of this letter. See Exhibit "B".

12. Furthermore, Midland Funding was directed to cease and desist from contacting Brian Hochberger and Kerri Hochberger directly. See Exhibit "B".

13. On August 29, 2019, The Law Firm of Fenters Ward filed an Entry of Appearance and an Intent to Defend on Brian Hochberger's behalf. True and correct copies of the Entry of Appearance and Notice of Intent to Defend are attached hereto, made a part hereof, and marked as Exhibit "C".

14. On August 29, 2019, The Law Firm of Fenters Ward filed an Entry of Appearance and an Intent to Defend on Kerri Hochberger's behalf. True and correct copies of the Entry of Appearance and Notice of Intent to Defend are attached hereto, made a part hereof, and marked as Exhibit "C".

15. On or about September 9, 2019, Midland Funding called Brian Hochberger in an attempt to communicate about the collection of an alleged debt.

16. Within the call, Midland Funding requested to speak with Kerri Hochberger and thereby attempted to communicate with Kerri Hochberger concerning the collection of an alleged debt.

17. Midland Funding communicated with Brian Hochberger and Kerri Hochberger despite the August 28, 2019 First and Second Dispute Letters specifically delineating Brian Hochberger and Kerri Hochberger's representation by The Law Firm of Fenters Ward and its direction to cease and desist any further communication with Brian Hochberger and Kerri Hochberger as it relates to the collection "Debts[.]" See Exhibit "B".

18. "Debts" as defined within the First Dispute Letters delineated and included "any related debt(s) and/or credit account(s) your company [Midland Funding] claims to have, sold, purchased and/or assigned from yourself, another creditor, debt buyer or other entity as of the date of this letter. See Exhibit "B".

19. Midland Funding was aware of Brian Hochberger and Kerri Hochberger's representation by The Law Firm of Fenters Ward from the First Dispute Letters mailed to Midland Funding and by the Magisterial District court proceedings. See Exhibits "A" and "B".

20. Midland Funding failed to engage in any communicative efforts with The Law Firm of Fenters Ward pertaining to Brian Hochberger and Kerri Hochberger. Therefore, The Law Firm of Fenters Ward did not fail to respond within a reasonable amount of time to a communication from Midland Funding.

21. The Law Firm of Fenters Ward did not consent to any direct client communications with Midland Funding or its agents or legal representatives.

22. Midland Funding violated 15 U.S.C. § 1692c(a)(2) when it communicated directly with Brian Hochberger and Kerri Hochberger, in an attempt to collect an alleged debt, despite its knowledge of Brian Hochberger and Kerri Hochberger's representation by The Law Firm of Fenters Ward.

23. Upon information and belief, Midland Funding utilized an automated dialing system to effectuate calls to Brian Hochberger and Kerri Hochberger's personal cellular device in violation of 47 U.S.C. § 227, *et seq*. of the TCPA.

24. On September 26, 2019, a Civil Action Hearing was held before the Honorable Anthony L. DeLuca, Magisterial District Judge. See Exhibit "A".

25. On September 26, 2019, at the conclusion of the Civil Action hearing, Judge Anthony L. DeLuca granted a JUDGMENT FOR DEFENDANT in favor of Brian Hochberger and against Midland Funding. See Exhibit "D".

26. On October 28, 2019, Midland Funding's appeal period expired, making Judge Anthony L. DeLuca's JUDGMENT FOR DEFENDANT a final judgment. This final judgment rendered the alleged debt extinguished, invalid, and unenforceable.

27. On September 26, 2019, a Civil Action Hearing was held before the Honorable Anthony L. DeLuca, Magisterial District Judge. See Exhibit "A".

28. On September 26, 2019, at the conclusion of the Civil Action hearing, Judge Anthony L. DeLuca granted a JUDGMENT FOR DEFENDANT in favor of Kerri Hochberger and against Midland Funding. See Exhibit "E".

29. On October 28, 2019, Midland Funding's appeal period expired, making Judge Anthony L. DeLuca's JUDGMENT FOR DEFENDANT a final judgment. This final judgment rendered the alleged debt extinguished, invalid, and unenforceable.

## COUNT I
## VIOLATION OF THE FDCPA, 15 U.S.C. § 1692, et seq.

30. Plaintiffs incorporate the allegations contained in the paragraphs, above, as if fully set forth at length herein.

31. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. 15 U.S.C. 1692(a).

32. The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

33. Brian Hochberger and Kerri Hochberger are a "consumer" as defined by § 1692a(3) of the FDCPA.

34. Midland Funding is a "debt collector" as defined by § 1692a(6) of the FDCPA.

35. Upon information and belief, the alleged "debt" arises out of an alleged transaction entered into primarily for personal, family, or household purposes. "The term 'debt' means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).

36. The Third Circuit has held that the FDCPA is to be enforced by private attorney generals. *Weiss v. Regal Collections*, 385 F.3d 337, 345 (3d. Cir. 2004).

37. Section 1692c(a)(2) of the FDCPA provides:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt--if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the

> attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.

15 U.S.C. § 1692c(a)(2) of the FDCPA.

38. On August 28, 2019, The Law Firm of Fenters Ward served Midland Funding with a First and Second Dispute Letter informing Midland Funding of its representation of Brian Hochberger and Kerri Hochberger. See Exhibit "B".

39. The First and Second Dispute Letters specifically delineated that Midland Funding was to "cease and desist any further communications with my client [Brian Hochberger and Kerri Hochberger] as it relates to the collection of 'Debts.'" See Exhibit "B".

40. "Debts" as defined within the letters delineated and included "any related debt(s) and/or credit account(s) your company [Midland Funding] claims to have, sold, purchased and/or assigned from yourself, another creditor, debt buyer or other entity as of the date of this letter." See Exhibit "B".

41. On August 29, 2019, The Law Firm of Fenters Ward filed an Entry of Appearance and an Intent to Defend Notice on Brian Hochberger and Kerri Hochberger's behalf. See Exhibit "C".

42. On September 9, 2019, Midland Funding called Brian Hochberger in an attempt to communicate about the collection of an alleged debt.

43. Within the call, Midland Funding requested to speak with Kerri Hochberger and thereby attempted to communicate with Kerri Hochberger concerning the collection of an alleged debt.

44. Midland Funding possessed knowledge of Brian Hochberger and Kerri Hochberger's representation by The Law Firm of Fenters Ward from the First Dispute Letters mailed to Midland Funding. See Exhibit "B".

45. Midland Funding, additionally, possessed knowledge of Brian Hochberger and Kerri Hochberger's representation by The Law Firm of Fenters Ward from the Magisterial District Court proceedings and the related Magisterial documents. See Exhibit "A".

46. Midland Funding possessed knowledge of the name and address of The Law Firm of Fenters Ward through the First Dispute Letters and the Magisterial Court proceedings. See Exhibits "A" and "B".

47. Alternatively, Midland Funding could have readily ascertained the name and address of The Law Firm of Fenters Ward from either reviewing the First Dispute Letters or from reviewing the Magisterial Court docket or related documents produced by the Magisterial Court proceedings. See Exhibits "A" and "B".

48. Midland Funding failed to engage in any communicative efforts with The Law Firm of Fenters Ward pertaining to Brian Hochberger and Kerri Hochberger. Therefore, The Law Firm of Fenters Ward did not fail to respond within a reasonable amount of time to a communication from Midland Funding.

49. The Law Firm of Fenters Ward did not consent to any direct client communications with Midland Funding or its agents or legal representatives.

50. A court of competent jurisdiction did not provide Midland Funding with the express permission to communicate with Brian Hochberger and Kerri Hochberger.

51. Midland Funding therefore violated 15 U.S.C. § 1692c(a)(2) when it communicated directly with Brian Hochberger and Kerri Hochberger despite its knowledge of Brian Hochberger and Kerri Hochberger's representation by The Law Firm of Fenters Ward.

52. Section 1692d of the FDCPA provides, in relevant part: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

53. Here, the only natural consequence of Midland Funding's acts of communicating directly with Brian Hochberger and Kerri Hochberger was to harass, oppress, and abuse Brian Hochberger and Kerri Hochberger.

54. As such, Midland Funding's conduct, as set forth above, violated 15 U.S.C.A § 1692d of the FDCPA.

55. Section 1692k(a) of the FDCPA provides, in relevant part:

> ...any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of – (1) any actual damages sustained by such person as the result of such failure; (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; and (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court."

15 U.S.C. § 1692k(a) of the FDCPA.

56. As a direct and proximate result of Midland Funding's violations of the FDCPA, as set forth above, Brian Hochberger and Kerri Hochberger has suffered annoyance, anxiety, embarrassment, emotional distress, and severe inconvenience.

WHEREFORE, Plaintiffs, Brian Hochberger and Kerri Hochberger, respectfully request that this Honorable Court enter judgment in their favor and against Defendant, Midland Funding,

LLC, and enter an award of monetary damages as described herein, not in excess of arbitration limits, including an award for actual damages, statutory damages pursuant to 15 U.S.C. §1692k(a), costs and attorney's fees pursuant to 15 U.S.C. § 1692k(a), and such other and further relief as this Honorable Court deems just and proper.

**COUNT II**
**VIOLATION OF THE TCPA, 47 U.S.C. § 227, *et seq.***

57. Plaintiffs incorporate the allegations contained in the paragraphs, above, as if fully set forth at length herein.

58. At all pertinent times hereto, Midland Funding attempted to collect an alleged debt.

59. The alleged debt Midland Funding attempted to collect upon arose out of transactions which were primarily for personal, family, or household purposes.

60. On August 28, 2019, The Law Firm of Fenters Ward served Midland Funding with two First Dispute Letters wherein Midland Funding was informed of the disputed nature of the alleged debt and that Brian Hochberger and Kerri Hochberger were represented by counsel. A true and correct copy of the First Dispute Letters are attached hereto, made a part hereof, and marked as Exhibit "B".

61. Furthermore, Midland Funding was directed to cease and desist from contacting Brian Hochberger and Kerri Hochberger directly. See Exhibit "B".

62. On August 28, 2019, by way of the Dispute Letters, Brian Hochberger and Kerri Hochberger revoked any permission that may have ever been given to Midland Funding to communicate directly with Brian Hochberger and Kerri Hochberger. See Exhibit "B".

63. On or about September 9, 2019, Midland Funding began contacting Brian Hochberger and Kerri Hochberger by phone in an attempt to collect the alleged Debt with the intent to annoy, abuse, and harass.

64. Brian Hochberger is the customary and sole user of the cellular phone number Midland Funding called to collect the alleged debt.

65. Upon information and belief, Midland Funding utilized an automated telephone dialing system to place the calls to Brian Hochberger's personal cellular device in violation of 47 U.S.C. § 227, *et seq*. of the TCPA.

66. Despite Brian Hochberger and Kerri Hochberger's request and the Dispute Letters informing Midland Funding to cease and desist from any communications with Brian Hochberger and Kerri Hochberger, Midland Funding called Brian Hochberger's personal phone number attempting to collect the alleged debt.

67. The relevant portion of the TCPA provides that it is unlawful for any person: "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call. 48 U.S.C. § 227(b)(1)(A)(iii) (emphasis added).

68. The United States Court of Appeals for the Third Circuit ruled in the case of *Gager v Dell Fin Serv., LLC*, 727 F.3d 265 (3d Cir. 2013) that the TCPA applies to debt collection calls.

69. Congress passed the remedial TCPA to protect individual consumers from receiving intrusive and unwanted calls. See *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745 (2012).

70. As a result of Midland Funding's violations of 47 U.S.C. § 227(b) et seq. Brian Hochberger and Kerri Hochberger are entitled to an award of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)3.

71. As a result of Midland Funding's violations of 47 U.S.C. § 227(b) et seq. Brian Hochberger and Kerri Hochberger are entitled to an award of treble damages $1,500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)3.

72. The foregoing acts and omissions of Midland Funding constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(b) et seq.

WHEREFORE, Plaintiffs, Brian Hochberger and Kerri Hochberger, respectfully request that this Honorable Court enter judgment in their favor and against Defendant, Midland Funding, LLC, and enter an award of monetary damages as described herein, including mandatory statutory damages of $500 for each violation pursuant to 47 USC §227(c)(2)(G)(3)(B), for all calls to Plaintiff's cellular phone; enhanced trebled damages of $1,500 to be awarded to the Plaintiffs per call, in accordance with the TCPA, for the Defendant's willful and knowing violations of the TCPA; damages for time spent and phone charges; an award for actual damages; attorney's fees and costs, and for any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper

**JURY TRIAL DEMANDED UPON APPEAL OR REMOVAL.**

Respectfully submitted,

**THE LAW FIRM OF FENTERS WARD**

Date: October 9, 2020

By: ______________________________

Joshua P. Ward (Pa. I.D. No. 320347)
Kyle H. Steenland (Pa. I.D. No. 327786)

The Law Firm of Fenters Ward
The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

Counsel for Plaintiffs

# EXHIBIT A

# Magisterial District Judge 05-2-06

## DOCKET

Docket Number: MJ-05206-CV-0000528-2019

**Civil Docket**



MIDLAND FUNDING LLC
v.
Brian Hochberger



## CASE INFORMATION

| | | | |
|---|---|---|---|
| Judge Assigned: | Magisterial District Judge Anthony L. DeLuca | File Date: | 08/09/2019 |
| Claim Amount: | $2,699.89 | Case Status: | Closed |
| Judgment Amount: | | County: | Allegheny |

## CALENDAR EVENTS

| Case Calendar Event Type | Schedule Start Date | Start Time | Room | Judge Name | Schedule Status |
|---|---|---|---|---|---|
| Civil Action Hearing | 09/19/2019 | 10:35 am | Courtroom: MDJ-05-2-06 | Magisterial District Judge Anthony L. DeLuca | Continued |
| Civil Action Hearing | 09/26/2019 | 10:35 am | Courtroom: MDJ-05-2-06 | Magisterial District Judge Anthony L. DeLuca | Scheduled |

## CASE PARTICIPANTS

| Participant Type | Participant Name | Address |
|---|---|---|
| Defendant | Hochberger, Brian | Pittsburgh, PA 15235 |
| Plaintiff | MIDLAND FUNDING LLC | Philadelphia, PA 19113 |

## DISPOSITION SUMMARY

| Docket Number | Plaintiff | Defendant | Disposition | Disposition Date |
|---|---|---|---|---|
| MJ-05206-CV-0000528-2019 | MIDLAND FUNDING LLC | Brian Hochberger | Judgment for Defendant | 09/26/2019 |



Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data , errors or omissions on these docket sheets. You should verify that the information is accurate and current by personally consulting the official record reposing in the court wherein the record is maintained.

# Magisterial District Judge 05-2-06

## DOCKET



Docket Number: MJ-05206-CV-0000528-2019

**Civil Docket**

MIDLAND FUNDING LLC
v.
Brian Hochberger



## ATTORNEY INFORMATION

**Complainant's Attorney**

Name: Daniel Joseph Santucci, Esq.
Representing: MIDLAND FUNDING LLC
Counsel Status: Active - Entry of Appearance
Supreme Court No.: 092800
Phone No.: 866-300-8750
Address: Midland Funding LLC
1 International Plaza Dr 5th Floor
Philadelphia, PA 19113
Entry of Appearance Filed Dt: 08/12/2019
Withdrawal of Entry of Appearance Filed Dt:

**Complainant's Attorney**

Name: Stephanie Hernandez, Esq.
Representing: MIDLAND FUNDING LLC
Counsel Status: Active - Entry of Appearance
Supreme Court No.: 324731
Phone No.: 267-770-3506
Address: Midland FUNDING
1 International Plaza Drive 5th Floor
Philadelphia, PA 19113
Entry of Appearance Filed Dt: 08/12/2019
Withdrawal of Entry of Appearance Filed Dt:

**Private**

Name: Brian J. Fenters, Esq.
Representing: Hochberger, Brian
Counsel Status: Active - Entry of Appearance
Supreme Court No.: 320202
Phone No.: 412-545-3016
Address: The Law Firm of Fenters Ward
201 South Highland Avenue, Suite 201
Pittsburgh, PA 15206
Entry of Appearance Filed Dt: 08/29/2019
Withdrawal of Entry of Appearance Filed Dt:

## DOCKET ENTRY INFORMATION

| Filed Date | Entry | Filer | Applies To |
|---|---|---|---|
| 09/26/2019 | Judgment for Defendant | Magisterial District Court 05-2-06 | Brian Hochberger, Defendant |
| 08/29/2019 | Intent to Defend Filed | Brian Hochberger | Brian Hochberger, Defendant |
| 08/29/2019 | Entry of Appearance Filed | Brian J. Fenters, Esq. | Brian Hochberger, Defendant |
| 08/20/2019 | Certified Civil Complaint Accepted | Magisterial District Court 05-2-06 | Brian Hochberger, Defendant |
| 08/12/2019 | Certified Civil Complaint Issued | Magisterial District Court 05-2-06 | Brian Hochberger, Defendant |
| 08/12/2019 | Entry of Appearance Filed | Daniel Joseph Santucci, Esq. | MIDLAND FUNDING LLC, Plaintiff |
| 08/09/2019 | Civil Complaint Filed | MIDLAND FUNDING LLC | |



Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data , errors or omissions on these docket sheets. You should verify that the information is accurate and current by personally consulting the official record reposing in the court wherein the record is maintained.

# Magisterial District Judge 05-2-06

## DOCKET

Docket Number: MJ-05206-CV-0000537-2019

**Civil Docket**



MIDLAND FUNDING LLC
v.
Kerri Hochberger



## CASE INFORMATION

| | | | |
|---|---|---|---|
| Judge Assigned: | Magisterial District Judge Anthony L. DeLuca | File Date: | 08/12/2019 |
| Claim Amount: | $4,141.66 | Case Status: | Closed |
| Judgment Amount: | | County: | Allegheny |

## CALENDAR EVENTS

| Case Calendar Event Type | Schedule Start Date | Start Time | Room | Judge Name | Schedule Status |
|---|---|---|---|---|---|
| Civil Action Hearing | 09/26/2019 | 10:35 am | Courtroom: MDJ-05-2-06 | Magisterial District Judge Anthony L. DeLuca | Scheduled |

## CASE PARTICIPANTS

| Participant Type | Participant Name | Address |
|---|---|---|
| Plaintiff | MIDLAND FUNDING LLC | Philadelphia, PA 19113 |
| Defendant | Hochberger, Kerri | Pittsburgh, PA 15235 |

## DISPOSITION SUMMARY

| Docket Number | Plaintiff | Defendant | Disposition | Disposition Date |
|---|---|---|---|---|
| MJ-05206-CV-0000537-2019 | MIDLAND FUNDING LLC | Kerri Hochberger | Judgment for Defendant | 09/26/2019 |

## ATTORNEY INFORMATION

**Complainant's Attorney**

Name: Daniel Joseph Santucci, Esq.

Representing: MIDLAND FUNDING LLC

Counsel Status: Active - Entry of Appearance

Supreme Court No.: 092800

Phone No.: 866-300-8750

Address: 1 International Plaza 5th Floor
Philadlephia, PA 19113

Entry of Appearance Filed Dt: 08/13/2019

Withdrawal of Entry of Appearance Filed Dt:

**Private**

Name: Brian J. Fenters, Esq.

Representing: Hochberger, Kerri

Counsel Status: Active - Entry of Appearance

Supreme Court No.: 320202

Phone No.: 412-545-3016

**Complainant's Attorney**

Name: Stephanie Hernandez, Esq.

Representing: MIDLAND FUNDING LLC

Counsel Status: Active - Entry of Appearance

Supreme Court No.: 324731

Phone No.: 866-300-8750

Address: Midland Funding LLC
1 International Plaza, 5th Floor
Philadelphia, PA 19113

Entry of Appearance Filed Dt: 08/13/2019

Withdrawal of Entry of Appearance Filed Dt:

Address: The Law Firm of Fenters Ward
201 South Highland Avenue, Suite 201
Pittsburgh, PA 15206

Entry of Appearance Filed Dt: 08/29/2019

Withdrawal of Entry of Appearance Filed Dt:



Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data , errors or omissions on these docket sheets. You should verify that the information is accurate and current by personally consulting the official record reposing in the court wherein the record is maintained.

# Magisterial District Judge 05-2-06

## DOCKET

Docket Number: MJ-05206-CV-0000537-2019

**Civil Docket**



MIDLAND FUNDING LLC
v.
Kerri Hochberger

Page 2 of 2

### DOCKET ENTRY INFORMATION

| Filed Date | Entry | Filer | Applies To |
| --- | --- | --- | --- |
| 09/26/2019 | Judgment for Defendant | Magisterial District Court 05-2-06 | Kerri Hochberger, Defendant |
| 08/29/2019 | Entry of Appearance Filed | Brian J. Fenters, Esq. | Kerri Hochberger, Defendant |
| 08/29/2019 | Intent to Defend Filed | Kerri Hochberger | Kerri Hochberger, Defendant |
| 08/20/2019 | Certified Civil Complaint Accepted | Magisterial District Court 05-2-06 | Kerri Hochberger, Defendant |
| 08/13/2019 | Certified Civil Complaint Issued | Magisterial District Court 05-2-06 | Kerri Hochberger, Defendant |
| 08/13/2019 | Entry of Appearance Filed | Stephanie Hernandez, Esq. | MIDLAND FUNDING LLC, Plaintiff |
| 08/12/2019 | Civil Complaint Filed | MIDLAND FUNDING LLC | |



Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data , errors or omissions on these docket sheets. You should verify that the information is accurate and current by personally consulting the official record reposing in the court wherein the record is maintained.

# EXHIBIT B



THE LAW FIRM OF
FENTERS WARD
AIM TO WIN

201 SOUTH HIGHLAND AVE., SUITE 201
PITTSBURGH, PA 15206

BRIAN FENTERS, ESQ.
JOSHUA WARD, ESQ.

MANAGING PARTNERS

412-545-3016 OFFICE
412-540-3399 FAX

August 28, 2019

Midland Funding LLC,
c/o Daniel Joseph Santucci, Esq.
1 International Plaza 5th FL
Philadelphia, PA 19113

**Sent via U.S. Mail**

Re: Our Client: Brian Hochberger
Docket Number: MJ-05206-CV-0000528-2019
Account #'s: xxx

To Whom It May Concern:

Please accept this letter as confirmation of my representation of **Brian Hochberger** with a current address of **11018 Azalea Dr., Pittsburgh, PA 15235**. My representation of the above-mentioned client includes any related debt(s) and/or credit account(s) your company claims to have, sold, purchased and/or assigned from yourself, another creditor, debt buyer or other entity as of the date of this letter (the "Debts"). Please cease and desist any further communications with my client as it relates to the collection of Debts.

According to my client, your company has been reporting the above-referenced accounts to collection and/or credit agencies. My client denies owing **Midland Funding LLC** any amount of money and demands proof of liability, accounting and ownership of these alleged accounts. The proof shall include any agreements and any amendments thereto, any other written or signed documents agreed to by my client, as well as, a complete history of billing statements reflecting how you calculated the current amount claimed, owed, reported to the collection and/or credit agencies and complete copies of any assignment documentation evidencing your ownership rights to the specific accounts.

Pursuant to the Consumer Financial Protection Act (**CFPA**) 12 U.S.C. 5533(a) and the Fair Debt Collection Practices Act (**FDCPA**) 15 U.S.C. § 1692 et seq. we request that you provide additional documents related to the Debt you claim is owed by our client:

1. the original account-level documentation reflecting all purchases, payments, or other actual uses of the account;

2. a document signed by our client evidencing the opening of the account forming the basis for the debt;

3. the name of the creditor at the time of charge-off, including the name under which the creditor did business with our client;

4. the last four digits of the account number associated with the debt at the time our client's last monthly account statement, or, if not available, at the time of charge-off; the charge-off balance;

5. ***Midland Funding*** method of calculating any amount claimed in excess of the charge-off balance;

6. a copy of the statement where ***Midland Funding*** offered to provide our client (within 30 days of a written request) with copies of a document signed by our client evidencing the opening of the account forming the basis for the debt; and the original account-level documentation reflecting a purchase, payment, or other actual use of the account.

Please be advised that at all times relative hereto, we are disputing this debt under the FDCPA, FCRA, FCEUA and/or the UTPCPL. **AS SUCH YOU MUST 1) NOTIFY ANY CRAs YOU HAVE FURNISHED INFORMATION TO THAT THIS TRADE LINE IS DISPUTED; 2) YOU MUST CEASE ALL COLLECTION ATTEMPTS AND DELETE THE TRADE LINE UPON FINAL DISMISSAL OF THE DEBT COLLECTION LAWSUIT IF JUDGMENT IS RENDERED IN FAVOR OF DEFENDANT.** You may direct the requested proof to my office at the address listed above. **YOU HAVE THIRTY (30) DAYS TO PROVIDE THE REQUESTED PROOFS.** All future correspondence or contact shall be directed to my office until my office provides written confirmation of termination of legal representation, if such termination should ever occur. **YOU MUST PROVIDE THIS NOTICE TO ANY ASSIGNEE, TRANSFEREE OR SUBSEQUENT OWNER OF THIS OR ANY DEBT. IF YOU FAIL IN ANY OF THESE REGARDS, YOU WILL BE SUBJECT TO LIABILITY UNDER FEDERAL AND STATE CONSUMER PROTECTION LAWS.**

Very Truly Yours,

***/s/ Joshua P. Ward, Esq.***

Joshua P. Ward, Esq.
Direct Dial: (412) 545-3015
Email: jward@fentersward.com

JPW/slk
cc: Brian Hochberger




201 SOUTH HIGHLAND AVE., SUITE 201
PITTSBURGH, PA 15206

BRIAN FENTERS, ESQ.
JOSHUA WARD, ESQ.

MANAGING PARTNERS

412-545-3016 OFFICE
412-540-3399 FAX

August 28, 2019

Midland Funding LLC,
c/o Daniel Joseph Santucci, Esq.
1 International Plaza 5th FL
Philadelphia, PA 19113

**Sent via U.S. Mail**

Re: Our Client: Kerri Hochberger
Docket Number: MJ-05206-CV-0000537-2019
Account #'s: xxx

To Whom It May Concern:

Please accept this letter as confirmation of my representation of **Kerri Hochberger** with a current address of **11018 Azalea Dr., Pittsburgh, PA 15235**. My representation of the above-mentioned client includes any related debt(s) and/or credit account(s) your company claims to have, sold, purchased and/or assigned from yourself, another creditor, debt buyer or other entity as of the date of this letter (the "Debts"). Please cease and desist any further communications with my client as it relates to the collection of Debts.

According to my client, your company has been reporting the above-referenced accounts to collection and/or credit agencies. My client denies owing **Midland Funding LLC** any amount of money and demands proof of liability, accounting and ownership of these alleged accounts. The proof shall include any agreements and any amendments thereto, any other written or signed documents agreed to by my client, as well as, a complete history of billing statements reflecting how you calculated the current amount claimed, owed, reported to the collection and/or credit agencies and complete copies of any assignment documentation evidencing your ownership rights to the specific accounts.

Pursuant to the Consumer Financial Protection Act (**CFPA**) 12 U.S.C. 5533(a) and the Fair Debt Collection Practices Act (**FDCPA**) 15 U.S.C. § 1692 et seq. we request that you provide additional documents related to the Debt you claim is owed by our client:

1. the original account-level documentation reflecting all purchases, payments, or other actual uses of the account;

2. a document signed by our client evidencing the opening of the account forming the basis for the debt;

3. the name of the creditor at the time of charge-off, including the name under which the creditor did business with our client;

4. the last four digits of the account number associated with the debt at the time our client's last monthly account statement, or, if not available, at the time of charge-off; the charge-off balance;

5. ***Midland Funding*** method of calculating any amount claimed in excess of the charge-off balance;

6. a copy of the statement where ***Midland Funding*** offered to provide our client (within 30 days of a written request) with copies of a document signed by our client evidencing the opening of the account forming the basis for the debt; and the original account-level documentation reflecting a purchase, payment, or other actual use of the account.

Please be advised that at all times relative hereto, we are disputing this debt under the FDCPA, FCRA, FCEUA and/or the UTPCPL. **AS SUCH YOU MUST 1) NOTIFY ANY CRAs YOU HAVE FURNISHED INFORMATION TO THAT THIS TRADE LINE IS DISPUTED; 2) YOU MUST CEASE ALL COLLECTION ATTEMPTS AND DELETE THE TRADE LINE UPON FINAL DISMISSAL OF THE DEBT COLLECTION LAWSUIT IF JUDGMENT IS RENDERED IN FAVOR OF DEFENDANT.** You may direct the requested proof to my office at the address listed above. **YOU HAVE THIRTY (30) DAYS TO PROVIDE THE REQUESTED PROOFS.** All future correspondence or contact shall be directed to my office until my office provides written confirmation of termination of legal representation, if such termination should ever occur. **YOU MUST PROVIDE THIS NOTICE TO ANY ASSIGNEE, TRANSFEREE OR SUBSEQUENT OWNER OF THIS OR ANY DEBT. IF YOU FAIL IN ANY OF THESE REGARDS, YOU WILL BE SUBJECT TO LIABILITY UNDER FEDERAL AND STATE CONSUMER PROTECTION LAWS.**

Very Truly Yours,

***/s/ Joshua P. Ward, Esq.***

Joshua P. Ward, Esq.
Direct Dial: (412) 545-3015
Email: jward@fentersward.com

JPW/slk
cc: Kerri Hochberger

UNITED STATES POSTAL SERVICE®

# Firm Mailing Book For Accountable Mail

**Name and Address of Sender**

THE LAW FIRM OF FENTERS WARD
201 SOUTH HIGHLAND AVE.
SUITE 201.
PITTSBURGH, PA 15206

**Check type of mail or service**

- ☐ Adult Signature Required
- ☐ Adult Signature Restricted Delivery
- ☐ Certified Mail
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery (COD)
- ☐ Insured Mail
- ☐ Priority Mail
- ☐ Priority Mail Express
- ☐ Registered Mail
- ☐ Return Receipt for Merchandise
- ☐ Signature Confirmation
- ☐ Signature Confirmation Restricted Delivery

Affix Stamp Here
*(for additional copies of this receipt).*
*Postmark with Date of Receipt.*

| | Addressee | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3. Kerri Hochberger CV-537 1st Dispute letter | Midland Funding LLC<br>Daniel Joseph Santucci<br>1 International Plaza, 5th Fl<br>Philadelphia, PA 19113 | | | ed and over $50, | | | | ure Required | Restricted Delivery | d Delivery | Receipt | Confirmation | on Restricted Deli | Handling |
| 4. Brian Hochberger CV-528 1st Dispute letter | Midland Funding LLC<br>Daniel Joseph Santucci<br>1 International Plaza, 5th Fl<br>Philadelphia, PA 19113 | | | | | | | | | | | | | |

PS Form 3877, January 2017 *(Page 1 of 2)*
PSN 7530-02-000-9098

**Complete in Ink**

Privacy Notice: For more information on USPS privacy policies, visit *usps.com/privacypolicy*

# EXHIBIT C

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF Allegheny



# ENTRY OF APPEARANCE PURSUANT TO PARCPMDJ 207.1(A)

Mag. Dist. No: 05-2-06
MDJ Name: Honorable Anthony L. DeLuca
Address: 85 Universal Road
Pittsburgh, PA 15235
Telephone: (412) 731-0100

Midland Funding LLC
v.
Brian Hochberger

Docket No: CV-528-2019
Case Filed: 08/09/19

**TO THE MAGISTERIAL DISTRICT COURT:**

Please enter my appearance on behalf of defendant Brian Hochberger
In the above captioned matter.

Attorney Name: Brian J Fenters

Supreme Court of Pennsylvania Attorney Identification Number: 320202

Firm Name: The Law Firm of Fenters Ward

Address: 201 South Highland Ave., Suite 201

City, ST, Zip: Pittsburgh, PA 15206

Telephone Number: (412) 545-3016

I certify that this filing complies with the provisions of the Case Records Public Access Policy of the Unified Judicial System of Pennsylvania that require filing confidential information and documents differently than non-confidential information and documents.

/s/ Brian J Fenters
**Signature of Applicant**

08/28/19
**Date**



FREE INTERPRETER
www.pacourts.us/language-rights




BRIAN FENTERS, ESQ.
JOSHUA WARD, ESQ.

MANAGING PARTNERS

201 SOUTH HIGHLAND AVE., SUITE 201
PITTSBURGH, PA 15206

412-545-3016 OFFICE
412-540-3399 FAX

August 28, 2019

Magisterial District Number: 05-2-06

Honorable Anthony L. DeLuca

85 Universal Road

Pittsburgh, PA 15235

Phone: 412-731-0100

**Sent via:** Fax 412-731-1986

**RE: CV-528-2019. Midland Funding LLC v Brian Hochberger**

**INTENT TO DEFEND NOTICE:**

DEFENDANT INTENDS TO ENTER A DEFENSE. PLEASE CONSIDER THIS NOTICE PER Pa. R. Civ. P. MAG DIST J RULE 305(4)(a).

PLEASE NOTIFY THE PLAINTIFF THAT DEFENDANT HAS ENTERED NOTICE TO DEFEND PER Pa. R. Civ. P. MAG DIST J RULE 318.

ALSO, PLEASE UPDATE THE DOCKECT TO SHOW THAT DEFENDANT INTENDS TO DEFEND AS WELL AS OUR ENTRY OF APPEARANCE.

Sincerely,

*/s/ Brian Fenters*

Brian J. Fenters, Esq.
bfenters@fentersward.com
PA Bar# 320202
412-545-3016

BF/slk
CC: Brian Hochberger

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF Allegheny



# ENTRY OF APPEARANCE PURSUANT TO PARCPMDJ 207.1(A)

Mag. Dist. No: 05-2-06
MDJ Name: Honorable Anthony L. DeLuca
Address: 85 Universal Road
Pittsburgh, PA 15235
Telephone: (412) 731-0100

Midland Funding LLC
v.
Kerri Hochberger

Docket No: CV-537-2019
Case Filed: 08/12/19

**TO THE MAGISTERIAL DISTRICT COURT:**

Please enter my appearance on behalf of defendant Kerri Hochberger
In the above captioned matter.

Attorney Name: Brian J Fenters

Supreme Court of Pennsylvania Attorney Identification Number: 320202

Firm Name: The Law Firm of Fenters Ward

Address: 201 South Highland Ave., Suite 201

City, ST, Zip: Pittsburgh, PA 15206

Telephone Number: (412) 545-3016

I certify that this filing complies with the provisions of the Case Records Public Access Policy of the Unified Judicial System of Pennsylvania that require filing confidential information and documents differently than non-confidential information and documents.

/s/ Brian J Fenters
**Signature of Applicant**

08/28/19
**Date**



FREE INTERPRETER
www.pacourts.us/language-rights




201 SOUTH HIGHLAND AVE., SUITE 201
PITTSBURGH, PA 15206

BRIAN FENTERS, ESQ.
JOSHUA WARD, ESQ.

MANAGING PARTNERS

412-545-3016 OFFICE
412-540-3399 FAX

August 28, 2019

Magisterial District Number: 05-2-06

Honorable Anthony L. DeLuca

85 Universal Road

Pittsburgh, PA 15235

Phone: 412-731-0100

**Sent via:** Fax 412-731-1986

**RE: CV-537-2019. Midland Funding LLC v Kerri Hochberger**

**INTENT TO DEFEND NOTICE:**

DEFENDANT INTENDS TO ENTER A DEFENSE. PLEASE CONSIDER THIS NOTICE PER Pa. R. Civ. P. MAG DIST J RULE 305(4)(a).

PLEASE NOTIFY THE PLAINTIFF THAT DEFENDANT HAS ENTERED NOTICE TO DEFEND PER Pa. R. Civ. P. MAG DIST J RULE 318.

ALSO, PLEASE UPDATE THE DOCKECT TO SHOW THAT DEFENDANT INTENDS TO DEFEND AS WELL AS OUR ENTRY OF APPEARANCE.

Sincerely,

*/s/ Brian Fenters*

Brian J. Fenters, Esq.
bfenters@fentersward.com
PA Bar# 320202
412-545-3016

BF/slk
CC: Kerri Hochberger

# EXHIBIT D

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF ALLEGHENY



# NOTICE OF JUDGMENT/TRANSCRIPT CIVIL CASE

| | |
|---|---|
| Mag. Dist. No: | MDJ-05-2-06 |
| MDJ Name: | Honorable Anthony L. DeLuca |
| Address: | 85 Universal Road<br>Pittsburgh, PA 15235 |
| Telephone: | 412-731-0100 |

MIDLAND FUNDING LLC
v.
Brian Hochberger

Brian J. Fenters, Esq.
The Law Firm of Fenters Ward
201 South Highland Avenue, Suite 201
Pittsburgh, PA 15206

Docket No: MJ-05206-CV-0000528-2019
Case Filed: 8/9/2019

## Disposition Details

**Disposition Summary** (cc - Cross Complaint)

| Docket No | Plaintiff | Defendant | Disposition | Disposition Date |
|---|---|---|---|---|
| MJ-05206-CV-0000528-2019 | MIDLAND FUNDING LLC | Brian Hochberger | Judgment for Defendant | 09/26/2019 |

**Comments:**

ANY PARTY HAS THE RIGHT TO APPEAL WITHIN 30 DAYS AFTER THE ENTRY OF JUDGMENT BY FILING A NOTICE OF APPEAL WITH THE PROTHONOTARY/CLERK OF COURT OF COMMON PLEAS, CIVIL DIVISION. YOU MUST INCLUDE A COPY OF THIS NOTICE OF JUDGMENT/TRANSCRIPT FORM WITH YOUR NOTICE OF APPEAL.

EXCEPT AS OTHERWISE PROVIDED IN THE RULES OF CIVIL PROCEDURE FOR MAGISTERIAL DISTRICT JUDGES, IF THE JUDGMENT HOLDER ELECTS TO ENTER THE JUDGMENT IN THE COURT OF COMMON PLEAS, ALL FURTHER PROCESS MUST COME FROM THE COURT OF COMMON PLEAS AND NO FURTHER PROCESS MAY BE ISSUED BY THE MAGISTERIAL DISTRICT JUDGE.

UNLESS THE JUDGMENT IS ENTERED IN THE COURT OF COMMON PLEAS, ANYONE INTERESTED IN THE JUDGMENT MAY FILE A REQUEST FOR ENTRY OF SATISFACTION WITH THE MAGISTERIAL DISTRICT JUDGE IF THE JUDGMENT DEBTOR PAYS IN FULL, SETTLES, OR OTHERWISE COMPLIES WITH THE JUDGMENT.

SEP 26 2019

Date — Magisterial District Judge DeLuca

Commonwealth of Pennsylvania County of Allegheny Magisterial District Judge 05-2-06

I certify that this is a true and correct copy of the record of the proceedings containing the judgment.

Date — Magisterial District Judge

RECEIVED
OCT 01 2019





FREE INTERPRETER
www.pacourts.us/language-rights
412-350-5419

MIDLAND FUNDING LLC
v.
Brian Hochberger

Docket No.: MJ-05206-CV-0000528-2019

# Participant List

**Private(s)**

Brian J. Fenters, Esq.
The Law Firm of Fenters Ward
201 South Highland Avenue, Suite 201
Pittsburgh, PA 15206

**Plaintiff(s)**

MIDLAND FUNDING LLC
1 International Plaza 5th Floor
Philadelphia, PA 19113

**Defendant(s)**

Brian Hochberger
11018 Azalea Drive
Pittsburgh, PA 15235

**Complainant's Attorney(s)**

Stephanie Hernandez, Esq.
Midland FUNDING
1 International Plaza Drive 5th Floor
Philadelphia, PA 19113

Daniel Joseph Santucci, Esq.
Midland Funding LLC
1 International Plaza Dr 5th Floor
Philadelphia, PA 19113





# EXHIBIT E

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF ALLEGHENY



# NOTICE OF JUDGMENT/TRANSCRIPT CIVIL CASE

| | |
|---|---|
| Mag. Dist. No: | MDJ-05-2-06 |
| MDJ Name: | Honorable Anthony L. DeLuca |
| Address: | 85 Universal Road<br>Pittsburgh, PA 15235 |
| Telephone: | 412-731-0100 |

MIDLAND FUNDING LLC
v.
Kerri Hochberger

Brian J. Fenters, Esq.
The Law Firm of Fenters Ward
201 South Highland Avenue, Suite 201
Pittsburgh, PA 15206

Docket No: MJ-05206-CV-0000537-2019
Case Filed: 8/12/2019

## Disposition Details

### Disposition Summary (cc - Cross Complaint)

| Docket No | Plaintiff | Defendant | Disposition | Disposition Date |
|---|---|---|---|---|
| MJ-05206-CV-0000537-2019 | MIDLAND FUNDING LLC | Kerri Hochberger | Judgment for Defendant | 09/26/2019 |

**Comments:**

ANY PARTY HAS THE RIGHT TO APPEAL WITHIN 30 DAYS AFTER THE ENTRY OF JUDGMENT BY FILING A NOTICE OF APPEAL WITH THE PROTHONOTARY/CLERK OF COURT OF COMMON PLEAS, CIVIL DIVISION. YOU MUST INCLUDE A COPY OF THIS NOTICE OF JUDGMENT/TRANSCRIPT FORM WITH YOUR NOTICE OF APPEAL.

EXCEPT AS OTHERWISE PROVIDED IN THE RULES OF CIVIL PROCEDURE FOR MAGISTERIAL DISTRICT JUDGES, IF THE JUDGMENT HOLDER ELECTS TO ENTER THE JUDGMENT IN THE COURT OF COMMON PLEAS, ALL FURTHER PROCESS MUST COME FROM THE COURT OF COMMON PLEAS AND NO FURTHER PROCESS MAY BE ISSUED BY THE MAGISTERIAL DISTRICT JUDGE.

UNLESS THE JUDGMENT IS ENTERED IN THE COURT OF COMMON PLEAS, ANYONE INTERESTED IN THE JUDGMENT MAY FILE A REQUEST FOR ENTRY OF SATISFACTION WITH THE MAGISTERIAL DISTRICT JUDGE IF THE JUDGMENT DEBTOR PAYS IN FULL, SETTLES, OR OTHERWISE COMPLIES WITH THE JUDGMENT.

SEP 26 2019
Date

Magisterial District Judge DeLuca

I certify that this is a true and correct copy of the record of the proceedings containing the judgment.

Date

Magisterial District Judge

RECEIVED
OCT 01 2019





FREE INTERPRETER
www.pacourts.us/language-rights
412-350-5419

MIDLAND FUNDING LLC
v.
Kerri Hochberger

Docket No.: MJ-05206-CV-0000537-2019

# Participant List

**Private(s)**

Brian J. Fenters, Esq.
The Law Firm of Fenters Ward
201 South Highland Avenue, Suite 201
Pittsburgh, PA 15206

**Plaintiff(s)**

MIDLAND FUNDING LLC
1 International Plaza 5th Floor
Philadelphia, PA 19113

**Defendant(s)**

Kerri Hochberger
11018 Azalea Drive
Pittsburgh, PA 15235

**Complainant's Attorney(s)**

Stephanie Hernandez, Esq.
Midland Funding LLC
1 International Plaza, 5th Floor
Philadelphia, PA 19113

Daniel Joseph Santucci, Esq.
1 International Plaza 5th Floor
Philadlephia, PA 19113

**VERIFICATION**

I, JOSHUA P. WARD, ESQ., have read the foregoing COMPLAINT and verify that the statements therein are correct to the best of my personal knowledge, information, and/or belief. I have gained this information from discussions with Plaintiffs. This verification is made on behalf of Plaintiffs. Plaintiffs will produce their verification if/when there is an objection by Defendant or upon directive from the court.

I understand that this verification is made subject to the penalties of 18 Pa. C.S.A. 4904 relating to unsworn falsification to authorities, which provides that if I knowingly make false averments, I may be subject to criminal penalties.

Respectfully submitted,

**THE LAW FIRM OF FENTERS WARD**

Date: October 9, 2020

By: ______________________

Joshua P. Ward (Pa. I.D. No. 320347)
Kyle H. Steenland (Pa. I.D. No. 327786)

The Law Firm of Fenters Ward
The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

Counsel for Plaintiffs